UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:13-cr-00045-JAW |
| | ) | |
| ANTHONY WILLIAM POST | ) | |

**ORDER DENYING MOTION TO CONTINUE SENTENCING HEARING**

On January 22, 2013, Anthony William Post entered a CVS Pharmacy in Augusta, Maine, wearing a winter jacket, ski hat with ear flaps, a scarf across his face and prescription eyeglasses, and passed a note to the pharmacy technician that demanded oxycodone and told her that he had a gun and would start shooting if she failed to comply. *Prosecution Version* at 1 (ECF No. 20). The pharmacy technician turned the note over to the pharmacist, who filled a bag with oxycodone. *Id*. Mr. Post and his accomplices split the drugs. *Id*. at 5. Within a matter of days, the police identified him as the culprit and arrested him. *Id*. at 2.

On March 12, 2013, Mr. Post waived indictment and pleaded guilty to interference with commerce by robbery, a violation of 18 U.S.C. § 1951. *Min. Entry* (ECF No. 23). On February 21, 2014, the Court sentenced Mr. Post to twenty-four months of incarceration, followed by three years of supervised release, a $100 special assessment, an order of restitution, and no fine. *J.* (ECF No. 47).

On May 18, 2015, the Probation Office petitioned the Court, alleging that Mr. Post had violated the terms of his supervised release by testing positive for use of illegal drugs, failing to appear for drug testing, failing to attend substance abuse

counseling, and failing to report to the Probation Office. *Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 52). On October 8, 2015, the Court imposed a five month period of incarceration and thirty-one months of additional supervised release. *J.* (ECF No. 70).

On April 21, 2016, the Probation Office petitioned for a second warrant for violations of the terms of supervised release, alleging that Mr. Post had tested positive for the use of illegal drugs, and that he had failed to report for drug testing, attend counseling, report to the Probation Officer, and comply with a community confinement condition. *Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 75). Mr. Post admitted the violations of the terms of his supervised release on June 13, 2016. *Min. Entry* (ECF No. 86).

Before doing so, Mr. Post moved to continue the sentencing portion of the revocation hearing on the ground that he is currently working with Nathan Knight of Piscataquis Valley Adult Education Cooperative. *Mot. to Continue Sentencing* at 1 (ECF No. 84). Mr. Knight had written that he, Mr. Post's attorney, and Mr. Post "believe it is in Anthony's best interest that he remain at Piscataquis County Jail until he has had the ability to enroll in classes and receive the financial aid necessary to fund his education." *Id.* Attach. A *Letter from Nathan Knight To Whom It May Concern* at 1 (June 6, 2016). Mr. Knight represented that he believed that "this could be accomplished by the beginning of the fall semester, which is August 22nd." *Id.* He said that he "only ask that Mr. Post remains in Dover-Foxcroft at least until the end of August." *Id.*

The Court reluctantly granted the motion to continue the sentencing phase of the revocation process and set the sentencing hearing for September 6, 2016. *Order Granting Mot. to Continue Sentencing* (ECF No. 85); *Notice of Hr'g on Mot.* (ECF No. 87). On August 23, 2016, Mr. Post moved again to continue the sentencing phase of the revocation proceeding. *Mot. to Continue Sentencing* (ECF No. 89). This time, Mr. Post attached a letter from Mr. Knight in which Mr. Knight asks that Mr. Post be allowed to remain at the Piscataquis County Jail until November 21, 2016 in order to complete his first semester at Adams State University. *Id.* Attach. A *Letter from Nathan Knight To Whom It May Concern* at 1 (Aug. 16, 2016). This time, unlike the last time, the Government objects to the continuance. *Obj. to Def.'s Mot. to Continue* (ECF No. 90).

The Court denies the motion to continue. The Court has had experience with this issue in the cases of the Midgette brothers, Richard Brandon Midgette, *U.S. v. Midgette*, No. 1:13-cr-00144-JAW (D. Me. filed Aug. 14, 2013), and Matthew Kent Midgette, *U.S. v. Midgette*, No. 1:13-cr-00145-JAW (D. Me. filed Aug. 14, 2013). In those cases, the two defendants were incarcerated at the Piscataquis County Jail awaiting sentencing on firearms charges. Both brothers pleaded guilty on May 28, 2015. The sentencing hearings, originally scheduled for February 19, 2016, were continued because Mr. Knight represented that the brothers needed six to eight weeks to complete their coursework at Kennebec Valley Community College. The Court reset the sentencing date for June 3, 2016.

However, Richard Brandon and Matthew Kent both moved for another continuance on April 13 and April 20, 2016, respectively. This time Mr. Knight informed the Court that they had enrolled in a four-course semester program through Adams State University and that they needed to remain at Piscataquis County Jail until the middle of June. The Court granted these motions and reset the sentencings for June 17, 2016.

In mid-May, 2016, both brothers again moved to continue the sentencing hearings. This time Mr. Knight said that the brothers needed until July 12, 2016 to complete the necessary coursework. The Court granted those motions and, due to difficulties with summer scheduling, the sentencing hearings are finally taking place on September 1, 2016.

In light of this experience, the Court is not willing to accept Mr. Knight's representation that Mr. Post will be ready for sentencing on November 21, 2016. If the past is prologue, Mr. Post will be moving to continue the sentencing hearing for a date post-November 21, 2016 because Mr. Knight concludes that Mr. Post needs more time in Piscataquis County Jail to complete his educational program.

The Court does not question Mr. Knight's good faith or his laudable concern for the education of inmates. However, a defendant's need for education is but one factor among many to be considered in federal sentencing. 18 U.S.C. § 3553(a). In the Court's view, Mr. Post's most urgent need is not education; it is drug treatment. Mr. Post has been profoundly addicted to drugs for an extended period of time. His addiction has led to the commission of violent crimes and terms of incarceration in

state and federal prison, and yet during his periods of supervised release, he has been unwilling or unable even to attend drug treatment sessions on a sustained basis.

Mr. Post also needs to be punished for his repeated violations of the conditions of supervised release.  The goals of federal sentencing include the need to reflect the seriousness of the offense, provide an adequate deterrence to criminal conduct, and protect the public from future crimes of the defendant.  18 U.S.C. § 3553(a)(2)(A), (B), (C).  Furthermore, Federal Rule of Criminal Procedure 32(b)(1) states that a court "must impose sentence without unnecessary delay."  FED. R. CRIM. P. 32(b)(1).  To have a salutary impact, the sentence should be imposed as close to the violation as possible.  In addition, a defendant should generally serve a federal sentence in a federal prison.  Finally, if Mr. Post wishes to continue with further education, there has been no showing that a federal prison would not be amenable to further education or that, once released, he could not continue his education during his period of supervised release.

The Court DENIES Anthony William Post's Motion to Continue Sentencing (ECF No. 89).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR
UNITED STATES DISTRICT JUDGE

Dated this 30th day of August, 2016